**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nathaniel Goode,<br><br>       Plaintiff,<br>  -v-<br><br>Dave Sanders & Co., Inc., and<br>Design Source By LG, Inc.,<br><br>       Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

  Plaintiff Nathaniel Goode, ("Plaintiff" or "Goode"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants Dave Sanders & Co., Inc., and Design Source By LG, Inc. (collectively "Defendants"), respectfully alleges as follows:

## **NATURE OF THE ACTION**

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff complains pursuant to the New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulation there under - 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including sections 191, 193, 196, compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law

1

and is also entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **THE PARTIES**

7. Plaintiff Nathaniel Goode ("Plaintiff" or "Goode") is a resident of Bronx County in the State of New York.

8. Upon information and belief and at all times relevant herein, Dave Sanders & Co., Inc. ("DS&C") was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, Design Source By LG, Inc. ("Design Source") was a New York for-profit corporation.

10. At all times relevant herein, Defendants operated their business under the names Dave Sanders & Co., Inc., and Design Source By LG, Inc. and used such names interchangeably – the name Defendant Dave Sanders & Co., Inc., appeared on Plaintiff's pay checks.

11. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, controlled the employment of Plaintiff and were responsible for hiring, firing,

scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

12. Upon information and belief, Defendants shared a place of business in Queens County, New York at 19-40 45th Street, Astoria, NY 11105, where Plaintiff was employed.

13. At all times relevant herein, Defendants employed Plaintiff individually and/or jointly.

## STATEMENT OF FACTS

14. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of selling hardware for construction/woodworking industries across the United States and worldwide. See http://www.davesanders.com/

15. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, employed approximately twenty or more employees.

16. Plaintiff was employed by Defendants, individually and/or jointly from on or about November 26, 2007 to on or about April 9, 2018.

17. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker performing a variety of functions for Defendants including stocking, packing and picking metal, steel and aluminum for shipment to customers nationwide and even internationally by FEDEX, UPS etc.

18. At all times relevant herein, Plaintiff was an hourly employee of Defendants and was paid at a regular rate of about $10-$15.50 an hour at separate times during his employment with Defendants.

19. At all times relevant herein, Defendants paid Plaintiff at his straight regular rate for each and al hours worked in a week, including his overtime hours worked (hours over 40 in a week).

3

20. At all times relevant herein, Plaintiff worked about 45-50 hours or more each week for Defendants, 5 days a week and sometimes up to 7 days a week, throughout the period of his employment with Defendants.

21. At all times during his employment, Defendants deducted a 30 mins or more for "lunch" but because of the nature and demands of his job, Plaintiff had to tend to customers at the warehouse during his "lunch" period and was not completely free from work within the meaning of the FLSA and NYLL.

22. At all times relevant herein, Plaintiff performed overtime work for Defendants beyond his scheduled shift each week for which Defendants paid him by separate transaction at his straight regular rate or less – this additional work consisted of moving, packing, cleaning etc.

23. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendants were required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of Plaintiff's wage and time records that Defendants were required to keep are incorporated herein by reference.

24. At all times relevant herein, due to the demands of his job, Plaintiff was required to work through his lunch break each day and was never completely free during his lunch breaks.

25. At all times relevant herein, Defendants paid Plaintiff on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

26. At all times relevant herein, Plaintiff worked more than forty hours a week for defendants.

27. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

28. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours

worked by Plaintiff in each week and did not state all wages earned, among other deficiencies.

29. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

30. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, had annual revenues from their operations of more than five hundred thousand dollars.

31. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of metal materials, equipment, and supplies.

33. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

34. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York, and in the stream of interstate commerce.

35. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

36. At all times applicable herein and upon information and belief, Defendants utilized the

instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

37. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

38. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

39. The circumstances of Plaintiff's termination are still under investigation and review, and Plaintiff may assert wrongful termination and other claims at a later time.

40. "Plaintiff" as used in this complaint refers to the named Plaintiff.

41. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA - 29 U.S.C 201 et Seq.

44. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

45. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

46. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

47. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

48. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

50. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

51. Due to Defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(NYLL § 190, 191, 193, 195, 196 and 198)**

52. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 51 above with the same force and effect as if fully set forth at length herein.

53. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 196 and 198 and the applicable regulations thereunder.

54. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker within the meaning of the New York Labor Law 191 (1)(a)(i) who should have been paid no later than weekly.

55. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, 196 and 198 by failing to pay Plaintiff his wages, including his unpaid overtime wages, (FLSA and NYMWA), and wage deductions, within the time required under NY Labor Law § 190 et seq.

56. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

57. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs

pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

58. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 196 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid overtime wages, unlawful wage deductions, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

59. Declare Defendants, individually and/or jointly (including their overtime and wage payment policy and practice as well as their wage deduction policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 196 and 198.

60. As to the **First Cause of Action,** award Plaintiff his unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

61. As to the **Second Cause of Action,** award Plaintiff his unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

62. As to the **Third Cause of Action**, award Plaintiff his entire unpaid wages, including his unpaid overtime wages, unlawful wage deductions, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable

attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

63. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

64. Award Plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **July 25, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*