**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein
David Nieporent
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Defendants

| | |
|---|---|
| Nathaniel Goode, | |
| Plaintiff, | |
| - vs. - | DOCKET NO. 18-cv-4225 (FB)(PK) |
| Dave Sanders & Co., Inc., and Design Source By LG, Inc., | **ANSWER** |
| Defendants. | |

Defendants Dave Sanders & Co., Inc. and Design Source By LG, Inc., by and through their undersigned attorneys, answer the Complaint of Nathaniel Goode as follows:

<u>**NATURE OF THE ACTION**</u>

1. This paragraph contains legal argument which is not required to be admitted or denied. To the extent a response is required, defendants admit that the complaint makes these allegations, but deny the substance of the allegations or that plaintiff is entitled to recover.

2. This paragraph contains legal argument which is not

required to be admitted or denied.  To the extent a response is required, defendants admit that the complaint makes these allegations, but deny the substance of the allegations or that plaintiff is entitled to recover.

3.  This paragraph contains legal argument which is not required to be admitted or denied.  To the extent a response is required, defendants deny that plaintiff is entitled to recover.

## **JURISDICTION AND VENUE**

4.  Admitted.

5.  Denied.

6.  This paragraph contains legal argument which is not required to be admitted or denied.

## **THE PARTIES**

7.  Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore deny same.

8.  Denied.

9.  Admitted

10. Denied.

11. Denied.

12. Denied.

13. Denied.

### **STATEMENT OF FACTS**

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. This paragraph contains no allegations which need be admitted or denied.  To the extent a response is required, defendants deny the factual allegations therein, and in particular it is denied that defendants were required to keep any copies of plaintiff's wage or time records.

24. Denied.

25. Denied.

26. Denied.

27. Defendants deny that they were required by NYLL § 195(1) or any other statute to provide plaintiff with any notices.

28. Defendants deny that they were required by NYLL §

195(3) or any other statute to provide plaintiff with any statements.

29. Denied.

30. Denied.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants admit that they used the mail, email, and telephones.  All other allegations in Paragraph 36 of the Complaint are denied.

37. Denied.

38. Defendants admit that they did not notify plaintiff of any rights because defendants never employed plaintiff.

39. This paragraph contains no allegations which need be admitted or denied.  To the extent a response is required, defendants state that they lack knowledge or information about what an unspecified person may be investigating, and therefore deny same.

40. This paragraph contains no allegations which need be admitted or denied.

41. This paragraph contains no allegations which need be

admitted or denied.

### FIRST CAUSE OF ACTION
### Fair Labor Standsrds Act – Unpaid Overtime

42. Defendants repeat, reiterate, and incorporate by reference their responses to all allegations in all preceding paragraphs.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

### Relief Demanded

47. Defendants deny that plaintiff is entitled to recover anything.

### SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Overtimes

48. Defendants repeat, reiterate, and incorporate by reference their responses to all allegations in all preceding paragraphs.

49. Denied.

50. Denied.

### Relief Demanded

51. Defendants deny that plaintiff is entitled to recover anything.

### THIRD CAUSE OF ACTION
**New York Labor Law – 190, 191, 193, 195, 196, and 198**

52. Defendants repeat, reiterate, and incorporate by reference their responses to all allegations in all preceding paragraphs.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

### Relief Demanded

58. Defendants deny that plaintiff is entitled to recover anything.

### AFFIRMATIVE DEFENSES

1. Plaintiff's complaint should be dismissed because this court represents an improper venue for this action.

2. Plaintiff's claims in whole or in part fail to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

4. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

5. Plaintiff lacks standing to seek injunctive relief as

specified in the complaint.

6. Mootness: Plaintiff's claims for injunctive relief are barred in whole or in part by the doctrine of mootness.

7. Plaintiff's claims are barred because defendants were not plaintiff's employer as defined in the FLSA.

8. Defendants are not a covered enterprise within the meaning of the FLSA.

9. Defendants are not engaged in interstate commerce.

10. Plaintiff's claims are barred because plaintiff was not an employee of defendants as that term is defined in the Fair Labor Standards Act.

11. Plaintiff's claims are barred because plaintiff was not an employee of defendants as that term is defined in § 651 of New York Labor Law.

12. If defendants committed any violations of the FLSA, the violations were not willful and the two year statute of limitations under the FLSA applies.

13. The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law.

14. Plaintiff's claims are barred in whole or in part by 29 U.S.C. § 255 because Defendants did not engage in any willful violations of the FLSA or the New York

State Labor Law.

15. Plaintiff's claims are barred in whole or in part by 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the New York State Labor Law.

16. Plaintiff is not entitled to any equitable relief because he has an adequate remedy at law.

17. In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

18. Plaintiff is not entitled to counsel fees or costs of suit under applicable law.

19. Plaintiff may not recover liquidated damages under both the Fair Labor Standards Act and New York Labor Law.

20. Plaintiff is not entitled to interest under applicable law.

Wherefore, defendants respectfully demand judgment against plaintiff dismissing all counts of the complaint, and awarding attorneys' fees, costs and disbursements, and such other, further, and different relief as the Court may deem just and proper.


Dated: August 20, 2018

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be served electronically on the following counsel by ECF this 20th day of August, 2018 addressed to the counsel listed below:

Abdul Hassan, Esq.
Abdul Hassan Law Group, PLLC
215-28 Hillside Avenue
Queens Village, NY 11427

_____
David Stein, Esq.